UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VEOLA BANKS | CIVIL ACTION |
| VERSUS | NUMBER: 13-5655 |
| STATE FARM INSURANCE COMPANY AND NATIONAL FLOOD INSURANCE PROGRAM | SECTION: "C" (1) |

**ORDER AND REASONS**

Before this Court is Defendant National Flood Insurance Program's (NFIP's) Motion for Summary Judgment. Rec. Doc. 18. Plaintiff has filed no opposition. Having considered the record, the law, the motion, and the lack of any response, the Court has determined that NFIP's motion should be GRANTED.

This case concerns a Hurricane Isaac flood-loss claim filed by plaintiff under a Standard Flood Insurance Policy (SFIP) issued directly by FEMA. Rec. Doc. 18-4. Plaintiff filed this lawsuit alleging failure to pay certain losses identified in her SFIP benefits claim. Rec. Doc. 1. Defendant subsequently filed the motion for summary judgment that is currently before this Court. Rec. Doc. 18. In this motion, defendant argues that the plaintiffs' failure to comply with their SFIP's proof of loss requirement bars recovery of the claimed benefits. The Court agrees.

Summary judgment should be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Where the non-moving party bears the burden of persuasion at trial, the party seeking summary judgment must inform the court of the basis of its motion and identify the portions of the record that demonstrate the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477

1

U.S. 317, 323 (1986). If the moving party meets this burden, the nonmoving party must designate specific facts in the record showing a genuine issue for trial. *Id.* at 324.

A claimant under an SFIP must file "proof of loss containing certain specified information before his claim may be considered." *Forman v. FEMA*, 138 F.3d 543, 545-46 (5th Cir. 1998). Said proof of loss must be signed, sworn, and submitted within 60 days of loss unless the Federal Insurance Administrator makes an exception. 44 C.F.R. § 61, App. A(1), art. VII(J)(4). The Federal Insurance Administrator extended the time limit for submission of Hurricane Isaac claims to 240 days from the date of loss. Rec. Doc. 18-4 at 95-102. The Fifth Circuit has stated repeatedly that an SFIP's proof of loss requirement is to be strictly construed. *See, e.g.*, *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 387-88 (5th Cir. 2005); *Forman*, 138 F.3d at 545; *Gowland v. Aetna*, 143 F.3d 951, 953-54 (5th Cir. 1998).

In the present case, the summary judgment record indicates that plaintiff notified FEMA of a potential flood loss claim on September 3, 2012, at which time FEMA assigned an independent adjuster to evaluate those claims. Rec. Doc. 18-4 at 3, ¶ 7. On November 19, 2012 after investigating the losses, the adjuster recommended payment of $83,282.91 ($77,440.27 plus $5,841.74 in recoverable depreciation) and prepared a proof of loss in that amount for plaintiff to execute. *Id.* at 3, ¶¶ 8-9; *id.* at 22. The plaintiff signed the proof of loss and submitted it to FEMA. *Id.* FEMA paid plaintiff a sum total of $83,382.01 between September and November 2012. *Id.* at 4, ¶ 12; *id.* at 15-17. Plaintiff failed to submit any additional proof of loss before April 28, 2013, when the 240 day window lapsed. *Id.* at 4, ¶ 13.

The foregoing evidence indicates that FEMA has satisfied all claims for payment made by plaintiff and duly supported by a signed and sworn proof of loss. Plaintiff has the burden to

oppose summary judgment by coming forward with unpaid loss amounts supported by proper proof of loss. They have not done so.

Accordingly,

IT IS ORDERED that defendant's Motion for Summary Judgment is GRANTED. Rec. Doc. 18. Judgment of dismissal with prejudice shall be entered against plaintiff.

New Orleans, Louisiana, this 6th day of August, 2014

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE